United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>JOHN C. FRY,<br>    Defendant. | Case No. 19-mj-70176-LB<br><br>**ORDER REGARDING EX-PARTE EMERGENCY REQUEST**<br><br>Re: ECF No. 9 |

## INTRODUCTION

The United States has charged the defendant John Fry in a complaint with unauthorized disclosure of suspicious-activity reports, in violation of 31 U.S.C. § 5322(a).[1] On February 22, 2019, Mr. Fry filed an emergency ex-parte request for relief to address possible government leaks to the media about the case, allegedly in violation of federal law, the court's sealing order, ethical rules, and Department of Justice policies.[2] He sought the following relief: (1) a court-ordered referral to the Department of Justice for an investigation to determine the source of the leaks; (2) a stay of proceedings, including grand-jury proceedings, pending that investigation (on the ground

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Ex-Parte Emergency Request – ECF No. 9 at 2–3.

ORDER – No. 19-mj-70176-LB

that the investigation might result in the recusal of the United States Attorney's office); (3) an order to show cause why the court should not hold the government in contempt for violating the court's February 4, 2019 order sealing the complaint; and (4) other relief, including a gag order.[3] The court held a hearing on February 22, 2019, denies the motion for court-mandated relief without prejudice, and issues this order to memorialize its decisions and the remedial measures that it suggested at the hearing.

## STATEMENT

The government filed its complaint on February 4, 2019.[4] It asked for — and the court authorized on February 4, 2019 — the sealed filing of the complaint and the summons on the ground that the investigation was ongoing.[5] It also asked to provide a copy of the complaint to Mr. Fry's attorney, and the court authorized that request.[6]

Mr. Fry made his initial appearance on February 21, 2019.[7] At the hearing, the court unsealed the complaint, which describes Mr. Fry's alleged conduct.[8] The court set a bond, set a preliminary hearing date of March 13, 2019, excluded time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv), and extended the time for a preliminary hearing and indictment until March 13, 2019 under Federal Rule of Criminal Procedure 5.1 and the Speedy Trial Act, 18 U.S.C. § 3161(b).[9]

On February 22, 2019, Mr. Fry filed the emergency ex-parte request.[10] In it, he described (and linked to) a media report that revealed — among other things — the parties' plea negotiations, the

---

[3] *Id.* at 4. Defense counsel asked for a gag order at the hearing.
[4] Compl. – ECF No. 1.
[5] Mot. to Seal and Order – ECF No. 2 at 1.
[6] *Id.*
[7] 2/21/2019 Minute Entry – ECF No. 3.
[8] *Id.*
[9] *Id.*; Stipulated Order – ECF No. 8.
[10] Ex-Parte Emergency Request – ECF No. 9.

ORDER – No. 19-mj-70176-LB                    2

government's plea offer of a felony with a sentence of probation, Mr. Fry's rejection of that offer, and the government's contemplated indictment of Mr. Fry on the pending charge and two additional charges involving misuse of a Social Security number and misuse of a government computer.[11] A media report on February 13, 2019 — while the case was sealed — revealed that the United States Attorney's office in the Northern District of California was leading the investigation and charges would be filed soon.[12] Media reports on February 21, 2019 included the sealed complaint and the unexecuted summons, meaning, they came from government personnel with access to the sealed documents.[13]

Mr. Fry asked the government to (1) stop the leaks on the ground that they threaten Mr. Fry's right to a fair trial by an impartial jury and (2) open an independent investigation into the leaks.[14] He asked the undersigned, among other relief, to refer the issue to the Department of Justice to determine the source of the leaks.[15] Given the immediate setting of a hearing, the government did not file any opposition and instead responded at the hearing.[16] It characterized the leaks as inappropriate, declined to comment on whether it had referred the matter to the Department of Justice's Office of the Inspector General (DOJ-OIG) on the ground that the process is internal, and said that it followed its procedures for referrals to DOJ-OIG in "appropriate circumstances."

## ANALYSIS

Mr. Fry asks for the following relief to address the leaks to the media: (1) a court-ordered referral to the Department of Justice for an independent investigation into the source of the leaks; (2) a stay of proceedings pending that investigation; (3) an order to show cause why the court should not hold the government in contempt for violating the court's February 4, 2019 sealing

---

[11] *Id.* at 2.

[12] *Id.*

[13] *Id.* at 2–3. Mr. Fry's counsel represented that the leaks did not come from the defense.

[14] *Id.* at 3–4.

[15] *Id.* at 4.

[16] *See generally* Docket.

order; and (4) other relief, including a gag order.[17] On this record, the court denies the motion without prejudice and also suggests remedial measures.

First, the court does not order an investigation.

Some of the leaks apparently involve a violation of the court's sealing order because the press knew about sealed matters before the court unsealed the docket. A violation of the sealing order is not good and possibly has consequences for the person who leaked information. But it does not obviously have consequences for Mr. Fry because the sealing was to protect the government's investigation temporarily until the initial appearance. There is no prejudice to Mr. Fry from disclosure of court documents that are now public record.

More troubling is the leak about the plea negotiations and the plea offer, which arguably prejudices Mr. Fry's right to a fair trial by an impartial jury. Also, the leak about the contemplated new charges (misuse of a Social Security number and misuse of a government computer) may violate Federal Rule of Criminal Procedure 6(e). Rule 6(e) prohibits "disclosure of matters occurring before the grand jury" by all participants in the grand-jury process — prosecutors, agents, grand jurors, interpreters, and court reporters — except witnesses themselves. The disclosure of the new charges arguably reveals the strategy or direction of the grand-jury investigation and the nature of the evidence before the grand jury. Also, "matters occurring before the grand jury" can include matters that have occurred, are occurring, or are likely to occur. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499–500 (D.D.C. 1998).

That said, the court does not order the investigation. Generally, the Department of Justice's policies do not create rights enforceable by defendants. In any event, the investigative and disciplinary process is an internal process, and a court order might implicate separation of powers issues.[18] Moreover, the record needs to be developed before a conclusion can be made about any

---

[17] *Id.* at 4.

[18] At this juncture, the legal issues are not briefed. The court does not undertake independent research, especially because — as discussed below — there are court remedies to address prejudicial pretrial publicity and any violation of Rule 6(e).

ORDER – No. 19-mj-70176-LB 4

violation of Rule 6(e). And as discussed below, the trial judge can address the appropriate sanction for any violation.

The court asked the government whether it nonetheless might tell defense counsel whether it is referring the case for investigation. The leaks apparently violated the court's sealing order, implicate Mr. Fry's right to a fair trial by an impartial jury, and might violate Rule 6(e). The government acknowledged that the leaks were inappropriate and said that it followed its policies. Reporting misconduct is mandatory. U.S. Department of Justice, Justice Manual § 1-4.300.[19] If the government carries out its obligations pursuant to its policies, and the court is confident that it does, then why not say so. Transparency only improves confidence in decision-making.

Second, for similar reasons, the court will not stay grand-jury proceedings pending the outcome of any investigation. Any prejudice to Mr. Fry's right to a fair trial can be addressed by the trial judge ultimately assigned to the case. If there is a Rule 6(e) violation, presumably it will be disclosed. The trial judge can punish any violation as contempt of court and may impose other sanctions, depending on the nature of the violation. Fed. R. 6(e)(7); *Bank of Novia Scotia v. United States*, 487 U.S. 250, 254, 257 (1987) (discussing the remedies for errors in the grand-jury process).

The court discussed possible mechanisms to remedy any prejudice to Mr. Fry's right to a fair trial. The government said that the petit jury can be vetted regarding pretrial publicity. Similar processes might be employed with grand jurors.

Third, on this record, the court denies the request for an order to show cause why the government should not be held in contempt for the leaks. For the reasons that support denying a stay, the trial judge is the better decision-maker to address harm. The court is confident that the government will take the appropriate remedial measures to stop inappropriate disclosures to the media. This denial is without prejudice to Mr. Fry's raising the issue to (1) the trial judge or (2) the undersigned if something happens before the case is assigned to the trial judge.

---

[19] https://www.justice.gov/jm/jm-1-4000-standards-conduct#1-4.300 (last checked February 23, 2019).

Fourth, on this record, the court will not impose a gag order, again on the ground that the trial judge can address issues of adverse pretrial publicity and any violation of grand-jury secrecy and again without prejudice to Mr. Fry's raising the issue if circumstances change before the case is assigned to a trial judge.

## CONCLUSION

The court denies the emergency request without prejudice. This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: February 23, 2019

_____
LAUREL BEELER
United States Magistrate Judge